**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09 B 32435 |
| | ) | Chapter 7 |
| The James Tyll Company, | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | |

**COVER SHEET FOR APPLICATION
FOR PROFESSIONAL COMPENSATION**

Name of Applicant:   <u>Chicago Liquidators Services, Inc.</u>

Authorized to Provide
Professionals Services to:   <u>Horace Fox, Jr., not individually but solely as the chapter 7 trustee</u>

Date of Order Authorizing Employment: <u>April 22, 2010</u>

Period for Which
Compensation is Sought: <u>From April 22, 2010 to April 1, 2013</u>

<u>Chicago Liquidators Services, Inc.</u>

Amount of Fees Sought for Allowance         $3,584.03
Amount of Fees Sought for Payment           **$3,584.03**
Amount of Expense Reimbursement Sought:     **$  828.00**


This is an:    Interim Application        Final Application    **X**

Prior applications that these professionals filed, if any:  None

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | -0- |

1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09 B 32435 |
| | ) | Chapter 7 |
| The James Tyll Company, | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing Date: May 9, 2013 |
| Debtor. | ) | Hearing Time: 10:00 a.m. |

**FINAL APPLICATION OF CHICAGO
LIQUIDATORS SERVICES, INC. FOR COMPENSATION**

Chicago Liquidators Services, Inc. (the "Applicant" or "CLS"), as liquidator for the trustee of the estate of The James Tyll Company, respectfully submit this final application for the allowance and payment of compensation pursuant to 11 U.S.C. §§330(a) and 503, and state in support as follows:

**I
STATEMENT IN SUPPORT OF APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**A.    Background**

Jurisdiction and Venue

1.    The district courts have jurisdiction over this case pursuant to section 1334 of title 28 of the United States Code (the "U.S. Code"). Pursuant to section 157(a) of title 28 of the U.S. Code, this case is properly referred to the bankruptcy courts. Pursuant to section 157(b)(1) and sections 157(b)(2)(A) and (O) of title 28 of the U.S. Code, and Internal Operating Procedure 15 of the Internal Operating Procedures of the United States District Court for the Northern District of Illinois, this case is properly referred to the United States Bankruptcy Court for the Northern District of Illinois. When it filed the petition for relief, the Debtor maintained a principal place of business in Cook County, so pursuant to section 1408(1) of title 28 of the U.S. Code venue for this case is proper in the Northern District of Illinois, Eastern Division.

Background

2. The James Tyll Company, the debtor herein (the "Debtor"), commenced this case on August 31, 2009, by filing a petition for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code"). The Office of the United States Trustee appointed Horace Fox, Jr., to administer the assets of the estate as the chapter 7 trustee (the "Trustee").

3. Upon examining the Debtor and reviewing its schedules of assets, the Trustee determined that he could generate value for the estate by liquidating their interests in that certain printing equipment (the "Property"). The Trustee retained the Applicant as liquidator to value the Property and liquidate it. In furtherance of that goal, the Applicant evaluated the Property, valued the Property and sold the Property through auction. The sale of the Property obtained net proceeds of approximately $8,000.00 for the estate. These are the sole funds in the estate.

4. Creditors filed claims in the aggregate amount of slightly over $63,000.00 against the estate. The Trustee will remit a small dividend to creditors out of the net proceeds from the Property. Thus, the Trustee and the Applicant provided a valuable benefit to creditors from the disposition of the Property and are entitled to compensation for their efforts. The Applicant filed this application for the allowance and payment of compensation for the foregoing services.

Terms for Employment of the Applicant

5. The estate employed the Applicant on a commission based on certain percentages given the net recovery to the estate. The Applicant did not seek and the estate did not provide or pay any retainer. The Trustee did not 'promise' any payments to the Applicant outside of advising the Applicant that it would have the right to seek compensation and reimbursement of costs pursuant to 11 U.S.C. §330. The Applicant rendered services to the estate and filed this

3

Application seeking compensation pursuant to 11 U.S.C. §§330 and 503(b). The Applicant's employment did not impose any caps or limitations on fees or other charges. This Court did not previously award compensation to the Trustee pursuant to 11 U.S.C. §326 or the Applicant pursuant 11 U.S.C. §330(a).

    6.    This is a final application.

**B.    Case Status**

    7.    Financial Status

| | | |
|---|---|---|
| a. | Cash on deposit: | approx. $15,000.00 |
| b. | Unencumbered funds in the estate: | all funds on deposit are unencumbered |
| c. | Operating profit/loss: | N/A |
| d. | Projected closing date: | Spring 2013 |

**C.    Project Summary**

    8.    In representing the Trustee in this case, the Applicant performed auction services in several basic manners. Although the application to employ the Applicant only considered one method of liquidating the Property, soon after it was employed the Applicant became aware that liquidating the Property through multiple methods may result in a higher overall recovery to the estate. Thus, the Applicant used not only showroom sales to liquidate the Property, but also e-Bay sales and another on-line auction site. The use of these three methods allowed the Applicant to obtain the highest possible price for the estate from the liquidation of the Property.

    9.    The structure of the Applicant's retention was to be compensated on an in-person auction basis. However, the Applicant eventually utilized an on-line auction format as well to achieve a greater return with less associated expense. Regardless, the basic structure of the Applicant's commission remained the same. The Applicant has broken down the basis of his commissions on all of these sales methods and has attached the same hereto as <u>Exhibit A</u>.

4

10. The Applicant has also broken down the Property sold by individual piece and attached a separate listing of commission earned on each such piece according to the structure described in its retention agreement and has attached the same hereto as <u>Exhibit B</u>.

11. The Applicant also incurred expenses in the amount of $828.00. The Applicant moved the Property to its locations for auction and incurred expense to do so. An invoice for the cost associated with that move is attached hereto as <u>Exhibit C</u>.

<u>Preparation of Fee Application</u>

12. The Applicant prepared this Application in accordance with the applicable standards and devoted time in doing so. In preparing the Application, the Applicant complied with the standards which are set forth in the opinions in *In re Continental Illinois Securities Litigation*, 572 F.Supp. 931 (N.D. Ill. 1983); *In re Pettibone Corp.*, 74 B.R. 293 (Bankr. N.D. Ill. 1987); *In re Wildman*, 72 B.R. 700 (Bankr. N.D. Ill. 1987); Local Rule 5082-1; and the guidelines of the Office of the United States Trustee. However, because of the limited amount of funds in the estate, the Applicant is not seeking and will not seek reimbursement of the time spent preparing this final Fee Application.

<u>Retroactive Payment Authorization</u>

13. The Applicant also requests that the Court approve its fees and costs in this matter retroactive to October 6, 2011. The Applicant was under the impression when it liquidated the Property that it could take its commissions directly out of the sale proceeds without further order of Court. In fact, the Trustee believed that the Applicant could do this as well. The Trustee often includes such language in its applications to employ when the dollar amounts are the size of those involved here to save every party time and money upon liquidation. Unfortunately, upon review of the application to employ the Applicant, no such language was in the order and

thus the Applicant now requests retroactive authority for the payment made by the Trustee upon the liquidation of the Property.

## II
### STATEMENT PURSUANT TO 11 U.S.C. §§ 329 AND 504 AND BANKRUPTCY RULE 22016

14.    Except to the extent that under 11 U.S.C. §504(b)(1) a professional may share compensation within that party's firm, the Applicant has not agreed to share with any person, firm, or entity any award of fees which it may receive for having represented the Trustee in this case. Furthermore, there is no agreement between the Applicant and any other party for sharing compensation that any other person, firm, or entity receives in connection with representing the Trustee in this case.

## III
### REQUEST FOR RELIEF

WHEREFORE, Chicago Liquidators Services, Inc. as liquidators for the Trustee, pray that this Court: (1) allow compensation and costs as requested herein; (2) retroactively authorize the Trustee to remit payment thereon to the Applicant; and (3) and grant Chicago Liquidators Services, Inc. such other and further relief as this Court deems just and appropriate.

Dated:  April 15, 2013

CHICAGO LIQUIDATORS SERVICES, INC.

By: */s/  William S. Hackney*

William S. Hackney, ARDC No. 06256042
Ean L. Kryska, ARDC No. 06286649
SMITHAMUNDSEN LLC
150 North Michigan Avenue; Suite 3300
Chicago, Illinois 60601-7524
Telephone: 312.894.3200

6

## SUMMARY SHEET

In re:                                  )       Case No. 09 B 32435
                                        )       Chapter 7
The James Tyll Company,                 )       Hon. Jacqueline P. Cox
                                        )
        Debtor.                         )

NAME OF APPLICANT:      Chicago Liquidators Services, Inc.
ROLE IN THE CASE:       Liquidator for Horace Fox, Jr., as trustee

Chicago Liquidators Services, Inc.

| | |
|---|---|
| Amount of Fees Sought for Allowance | $3,584.03 |
| Amount of Fees Sought for Payment | **$3,584.03** |
| Amount of Expense Reimbursement Sought: | **$  828.00** |
| | |
| FEES PREVIOUSLY REQUESTED: | -0- |
| FEES PREVIOUSLY AWARDED: | -0- |
| | |
| EXPENSES PREVIOUSLY REQUESTED: | -0- |
| EXPENSES PREVIOUSLY AWARDED: | -0- |
| | |
| RETAINER PAID; | -0- |